The opinion of the court was delivered by
Withers, J.
Hpon the hearing of a summary process, founded upon a note executed by the instrumentality of a mark by the defendant, who was a free negro, and the execution purporting to have been attested by another free negro, the plaintiff (also a free negro, it is understood,) sought to make proof of his case by answers to interrogatories served *118 on the defendant. The Clerk of the Court refused to swear the defendant to his answers, and in this was sustained by the presiding judge. Next, the plaintiff offered evidence of the genuineness of the signature of the attesting witness; and such evidence was received, 'and upon that alone a decree was rendered for the plaintiff. The ruling below is challenged in both particulars.
First. Should the Clerk have'administered an oath to the defendant when he offered to swear to his answers ?
The incompetency of the free negro, as a witness in genera], is not derivable from anything found in the common law of England. -That law was never adopted in all its length and "breadth in South Carolina. By the Act of 1712, it was adopted in so far as it should not be “inconsistent with the particular constitutions, customs, and laws of this province.” Eor matter criminal, and for discipline in favor of peace and order, a special jurisdiction has long been in existence for free negroes as well as slaves. The status of both, in the legal and social points of view, is enduringly fixed to a grade of inferiority. Hence the free negro is not heard as witness on "an issue between parties of the white race; nor is a case known in which, (where objection was made in proper time, vide State vs. Scott, 1 Bailey, 270,) he has ever been examined in open Court, as witness in a cause, either pending between others, or one in which he was a party. Such disqualification may well be ranked as springing from our particular constitutions, customs and laws. But it is quite settled, that an assault and battery by a white man on a free negro is properly to be tried in the Court of General Sessions; that a free negro may acquire, hold and transmit, by deed or by will, property, whether real or personal; that he may sue and be sued in relation to it in the Common Pleas jurisdiction; and the like is true touching his contracts. It is also settled, that such a person is entitled to the benefit of the laws for the relief of insolvent debtors, and when seeking a discharge *119 under them, he must be sworn to the truth of his schedule, Glenn vs. Lopez, Harper, 105. If a free negro, being party in an issue respecting realty, had occasion to offer a copy grant in lieu of the original, or in any issue to move for a continuance, how would his right to make the oath necessary in such and such like cases be denied? The practice adopted in this case has often been likened to the bill for discovery in the equity jurisdiction. If the answer of a party had been obtained in that forum, at the instance of an adversary, how could it be excluded .from any Court in a case where such evidence is receivable, upon the ground merely that it was the answer of a free negro! When a party calls a witness, he implies, in that act, that he offers a competent and credible witness to the Court. It would be too late after verdict for him against whom he is called to object for incompetence, even though he were a free negro and had been examined, vide State vs. Richard Scott, cited above, from 1 Bailey, 270. In the present instance nobody objected to the oath of the defendant but the Clerk, for the plaintiff called for the evidence and the defendant was willing to furnish the deposition. The plaintiff having waived any objection and the defendant being willing to swear to his answers, why should that be denied any more than in the ease of the insolvent debtor, or in the other examples suggested ? The court, which will never allow itself to be prostituted, is not committed by hearing such evidence in such circumstances as this case presents; for if the party, a free negro, in sum.pro. be tendered or offers himself, .to be examined in open Court, the Court can and will then, as in sundry other cases, take action mero motu: as it will, in any stage of a cause send a free negro improperly brought within its jurisdiction to the Magistrate’s Court, vide Scott's case, ubi supra, and State vs. Hays, 1 Bailey, 275.
We are of opinion, therefore, that the Clerk ought to have *120 sworn Silvester Jones to his answers, and then that his deposition should have been heard.
Second. Was the execution of the'note adequately proved by the evidence of tbe bandwriting of tbe attesting witness? We think not'. Tbe witness could not have been called; not by reason of any intermediate disability supervening, but originally by reason of status; a fortiori, tbe proof of bis bandwriting, merely, was more objectionable. But if be bad been competent to attest and to' prove and bad died, such evidence as was offered would be insufficient. Other evidence of tbe defendant’s signature would have been necessary still. For reason and authority to this point, see tbe opinion in Russell vs. Tunno, Pinckney & Co., 11 Rich. 303.
Tbe motion for a new trial is consequently granted.
O’Neall, Wardlaw and Whitner, JJ., concurred.